UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Case # 16-CR-6134-FPG

v.                                            DECISION AND ORDER

SCOTT WASHINGTON,

                                    Defendant.
_____

On September 28, 2020, this Court denied Defendant Scott Washington's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 108. The Court concluded that Defendant had not established an extraordinary and compelling reason for release. *See id.* at 2-4.

On August 22, 2022, the Court received a letter from Defendant. ECF No. 111. In his letter, Defendant explains how he has changed his frame of mind during his incarceration. He describes how he has been "broke[n] [] down mentally" over the last several years, due to the pandemic (and the associated restrictions at his facility) and the loss of several family members. *Id.* at 1. He also discusses how he has "reconstructed" himself, developing "new life skills" and becoming "better educated." *Id.* Defendant states that he has a strong support system waiting for him upon his release. *Id.* For all of these reasons, Defendant asks for a "hardship credit" towards his sentence, "even if it[] [is] only for 180 days." *Id.*

The Court commends Defendant for his new outlook on life and his rehabilitative efforts, and the Court has no reason to doubt that Defendant has a strong support network to assist him with his transition after incarceration. However, this Court does not have the power to issue "hardship" credits. Indeed, this Court does not have the general authority to "modify a term of imprisonment once it has been imposed," except "pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted).

While this Court may modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), Defendant has not shown that he meets the rigorous standard for compassionate release, which is limited to "truly exceptional cases." *United States v. McCoy*, 981 F.3d 271, 287 (4th Cir. 2020). Without seeking to minimize Defendant's situation, his rehabilitation and the difficult incarceration he has had to endure do not constitute extraordinary and compelling circumstances. *See United States v. Poncedeleon*, No. 18-CR-6094, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020) ("[B]y itself, rehabilitation of the defendant cannot constitute an 'extraordinary and compelling' reason justifying compassionate release."); *United States v. Farmer*, No. 19-CV-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) (stating that "harsh and restrictive" conditions of confinement during the pandemic "do not constitute compelling reasons for compassionate release").

Accordingly, Defendant's motion (ECF No. 111) is DENIED.

IT IS SO ORDERED.

Dated: October 4, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York